UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Luz Del Carmen Salama-Tobar, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 21-cv-500 |
| v. | : | |
| | : | |
| John Does 1-50, | : | |
| in their official and individual capacities, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROPOUND EXPEDITED DISCOVERY AND REQUEST FOR EXPEDITED CONSIDERATION AND EXPEDITED RESPONSES**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiffs Luz Del Carmen Salama-Tobar, Daphne Bolotas and Electra Bolotas, through counsel, respectfully submit this memorandum of points and authorities in support of their Motion for Leave to Propound Expedited Discovery and Request for Expedited Response and Consideration, prior to a conference pursuant to Fed. R. Civ. P. 26(f).

I.   **Introduction**

On May 30, 2020, at approximately 9:30 p.m., Plaintiffs were assaulted by federal agents from the United States Park Police, the Military Police, and/or law enforcement or paramilitary personnel from other federal agencies in and around Lafayette Square in the District of Columbia.  Plaintiffs were seriously injured as a result of actions taken by and/or on behalf of certain federal agents and agencies whose identities and formal agency affiliations are, as of yet, unknown.  *See* Complaint ¶¶ 6-7 ("John Does 1-100").  After assaulting Plaintiffs and inflicting injury on them, members of the District of Columbia Metropolitan Police Department ("MPD")

1

formed a perimeter around the area, blocking surrounding streets so as to force protestors into a constricted area (a "kettle") from which they could not leave.  The Plaintiffs were forced to remain in the kettle for almost two hours even after informing MPD that they were injured and in need of medical care.

With respect to the unidentified law enforcement and other personnel who assaulted and injured Plaintiffs and prevented them from obtaining vitally needed medical assistance, Plaintiffs have filed causes of action against these individuals, whom we have denominated "John Does". Particularly given the potential application of the one-year limitations period in the District of Columbia for intentional torts (D.C. Code § 12-301(a)(4)), we seek the Court's leave to serve limited discovery requests, in the forms of depositions and interrogatories, on the named Defendants, who are believed to have employed or directed John Does 1-100, the unidentified law enforcement and other personnel who assaulted and injured Plaintiffs.  We also seek the Court's leave to propound deposition subpoenas and/or subpoenas *duces tecum* on third party agencies who may have employed or directed John Does 1-50.

These discovery requests would assist Plaintiffs in identifying the particular individuals who assaulted and inflicted harm upon the Plaintiffs.  The sole purpose of this discovery would be to identify the names, addresses, and associated law enforcement agencies of "John Does 1-100".  Plaintiffs will use this information to prosecute the claims made in its Complaint.  The requested information is necessary in order for Plaintiffs to prosecute their claims.

We respectfully request that the Court expedite consideration of this Motion and shorten the response time for Defendants and third parties to respond to the discovery we propose to propound.

**II.     Argument**

Pursuant to Fed. R. Civ. P. 26(d)(1), a party may not propound discovery in advance of a Rule 26(f) conference absent a court order permitting same.  Rule 26(b) provides courts with the authority to issue such an order.  "[F]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b).

Courts have broad discretion in deciding whether to permit expedited discovery, where good cause is shown. *Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d. 1, 2 (D.D.C. 2007).  Good cause exists when the expedited discovery requests are designed to identify John Doe defendants in order to permit the lawsuit to advance.  This Court has granted such requests where defendants need to be identified before an action may progress.  *See, e.g., Artista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (denying motion to quash subpoena that had been issued pursuant to an earlier order granting leave to take expedited discovery, where the order was based on a finding that good cause existed because the defendants had to be identified before the suit could progress further); *Malibu Media, LLC v. Doe*, 2014 WL 3973480 (D.D.C. Aug. 15, 2014) ("[U]nder the broad discretion granted this Court under the Federal Rule of Civil Procedure 26, this Court grants Plaintiff leave to serve a Rule 45 subpoena on the ISP . . . .") (citing *AF Holdings LLC v. Cox Commc'ns Inc.*, 752 F.3d 990, 996 (D.C.Cir.2014).

In *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998), it was observed that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities."  *See also Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."); *Hard Drive Prods., Inc. v.*

3

*Does 1-1,495*, 892 F. Supp. 2d 334, 340 (D.D.C. 2012) ("[W]ithout defendants' identifying information, plaintiff cannot name or serve process on defendants and hence cannot advance its claims of copyright infringement."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 351 (D.D.C. 2011) (same); *Malibu Media, LLC v. Doe*, 2013 WL 2154818 (M.D. Fla. 2013) ("Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement."). *Accord Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed. Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed. Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed. Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

### A. Plaintiffs Have A Good Faith Basis To Believe Discovery Will Show This Court Has Personal Jurisdiction Over The Defendants.

A plaintiff seeking discovery "regarding unknown defendants must 'have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[s].'" *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1090 (D.C. Cir. 1998).

The District of Columbia's long-arm statute provides: "A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a claim for relief arising from the person's causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." D.C. Code § 13-423(a)(3). This Court previously has

4

held that the District's long-arm statute confers personal jurisdiction over federal agents when their actions in the District are the subject of the complaint. In *Rochon v. FBI*, 691 F. Supp. 1548 (D.D.C. 1988), the plaintiffs filed a civil rights action against individual FBI agents, pertaining to the agents' alleged misconduct within the District of Columbia, and also sought discovery as to whether the long-arm statute conferred personal jurisdiction over other defendants. *Id.* at 1558. The Court stated that "it should be obvious that the long-arm statute reaches those defendants who work in the District of Columbia," and concluded that personal jurisdiction existed over the agents who worked in the District of Columbia and whose actions in the District of Columbia were directly tied to acts charged in the complaint. *Id.* The Court permitted the plaintiffs to take early discovery as to whether there existed personal jurisdiction over other defendants. *Id. Cf. Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996) (declining to exercise personal jurisdiction over federal law enforcement personnel because no injuries were alleged to have been suffered in the District of Columbia and defendants were not alleged to conduct any business or make any contracts in the District of Columbia).

Here, Plaintiffs sustained serious injuries in the District of Columbia as a result of the conduct by federal law enforcement and other officers acting without legal justification. *See* Complaint, ECF Dkt. No. 1. Further, upon seeking medical attention, Plaintiffs were further injured by being forced into a kettle by MPD officers. Accordingly, Plaintiff has established a good faith basis to believe that discovery will show this Court has personal jurisdiction over some or all of the Defendants.

### B.  Good Cause Exists to Grant the Motion

Plaintiffs seek to discover the identity, including true names and addresses, of the unidentified Defendants responsible for the injuries they sustained on May 30, 2020. This

information is in the possession of the named Defendants and third-party law enforcement agencies we believe employed John Does 1-100.  Plaintiffs were able to capture images of a number of individuals that they believe caused the harm alleged in the Complaint, including John Doe 1 and John Does 51-100.  *See* Exhibit A.  The discovery we propose is limited and specifically aimed at identifying the individual officers involved, whom we have identified as John Does 1-100.  We believe John Does 1-50 are members of federal law enforcement agencies, including the United States Park Police, and John Does 51-100 are members of the MPD.

Without learning the Defendants' true identity, Plaintiffs may not be able to serve the unidentified individual Defendants with process and proceed with this case.  Plaintiffs' constitutionally and statutorily protected rights are at issue in this suit. The equities weigh heavily in favor of preserving and promoting those rights.  Because identifying the Defendants by name is necessary for Plaintiffs to advance the asserted claims, Plaintiffs have established good cause for the relief requested.

### III.  CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiffs to propound discovery in the form of depositions and interrogatories upon the named Defendants prior to the Rule 26(f) conference, as well as subpoenas to third party law enforcement agencies, to allow the

Plaintiffs to ascertain the true identities, including names and addresses, of the John Doe Defendants in this case.

                              Respectfully Submitted,

*/s/ Alfred Guillaume III*
Alfred Guillaume III
(D.C. Bar No. MD0085)
Law Offices of Alfred Guillaume III, LLC
6305 Ivy Ln. Ste. 700
Greenbelt, MD 20770
Tel. 301-377-2158
Fax. 301-812-4254
ag3law@gmail.com

*/s/ Barry Coburn*
Barry Coburn (D.C. Bar No. 358020)
Marc Eisenstein (D.C. Bar No. 1007208)
Coburn and Greenbaum, PLLC
1710 Rhode Island Ave. NW
Washington D.C. 20036
Tel. 202-657-4490
Fax. 866-561-9712
barry@coburngreenbaum.com
marc@coburngreenbaum.com

*/s/ Nicholas G. Madiou*
Nicholas G. Madiou
(D.C. Bar No. MD0039)
Brennan, McKenna, Lawlor, Chtd.
6305 Ivy Ln. Ste. 700
Greenbelt, MD 20770
Tel. 301-474-0044
Fax. 301-474-5730
nmadiou@brennanmckenna.com